# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

UNITED STATES DEPARTMENT OF
LABOR,

               Petitioner,

v.                                                             Case No: 6:23-mc-23-CEM-DCI

PCI SECURITY INC.,

               Respondent.

## ORDER

The Regional Administrator of the Wage and Hour Division of the United States Department of Labor issued PCI Security, Inc. (Respondent) a subpoena *duces tecum* in relation to an investigation conducted pursuant to the Fair Labor Standards Act. Docs. 1 at 2; 1-8 (the Subpoena). The United States Department of Labor (Petitioner) filed a Petition to enforce the Subpoena against Respondent. Doc. 1 (the Petition). On January 27, 2025, Respondent "fully complied with the subpoena." Doc. 27 at 1.

On January 28, 2025, Petitioner filed a Motion for Equitable Tolling of Statute of Limitations. Doc. 27 (the Motion). Petitioner requests that the Court "enter an order tolling the statute of limitations by the number of days between May 30, 2023, the date compliance with the subpoena at issue in this matter was due, until January 27, 2025, the date Respondent fully complied with the subpoena." *Id*. at 1. On March 12, 2025, the Court conducted a hearing on the matter. As stated at the hearing, the Motion is due to be denied because Petitioner cites to no authority, binding or persuasive, to support its position that the Court should rule on the equitable tolling issue given the procedural posture of the case. Namely, Respondent has already complied with the subpoena and, therefore, there is no controversy before the Court.

To be clear, the Court does not rule on the merits of Petitioner's argument that equitable tolling is warranted. If Petitioner brings a civil action against Respondent and the statute of limitations is at issue, perhaps a case or controversy would then exist, and the issue would become ripe for adjudication. But Petitioner has filed no such civil action, and Respondent has fully complied with the subpoena at issue in this enforcement action. Indeed, Petitioner provided the Court with no binding or persuasive authority for the proposition that, in a proceeding to enforce an administrative subpoena, a district court must—or even may—make a finding concerning equitable tolling *after* the responding party has complied with the subpoena.

All the district court authority provided by Petitioner either contained no analysis of the issue (and therefore was not persuasive), concerned findings of equitable tolling as part of the enforcement process (*i.e.* found that the statute of limitations was tolled *until* the responding party complied with the subpoena), or both. *See* Doc. 35 at 2 (citing *United States v. DVT Install, LLC*, 2017 WL 626120, at *1 (M.D. Fla. Feb. 15, 2017) (adopting an unopposed recommendation on an unopposed motion in a subpoena enforcement proceeding that the respondent be ordered to comply with requests for production and that the statute of limitations be tolled between the date on which the documents were due and the date on which they are finally produced pursuant to the court's *future* deadline for compliance); *Acosta v. Xcel Communications of S. Ala. Inc.*, 2019 WL 1370869, at *2 (S.D. Ala. Mar. 26, 2019) (granting a petition for enforcement of administrative subpoena and tolling the statute of limitations *until* the respondent fully complies with the subpoena); *Acosta v. Cool King Heating & Cooling, LLC*, 2018 WL 4500285, at *2 (N.D. Ga. June 7, 2018), *report and recommendation adopted by* 2018 WL 4492505 (Aug. 28, 2018) ("Petitioner maintains that Respondent may attempt to avoid, or at least limit, its liability under the FLSA by delaying its response to the subpoena and the Court's Order requiring compliance.

*Under the circumstances presented in this action*, equitable tolling of the statute of limitations would be appropriate *until such time* as Respondent has fully complied with the subpoena.") (emphasis added); *Perez v. Jasper Contractors*, 2016 WL 11584782, at *3 (N.D. Ga. Apr. 12, 2016) (noting the lack of the respondent's opposition to the petitioner's request to toll the statute of limitations and recommending that the request to toll be granted because "*under the circumstances presented in this action*, equitable tolling of the statute of limitations would be appropriate *until such time as* Respondent has fully complied with both of the subpoenas.") (emphasis added); *Acosta v. Quality Construction, Inc.*, 2018 WL 7514591, at *3 (D. Colo. Dec. 21, 2018), *report and recommendation adopted by*, 2018 WL 1077430 (D. Colo. Jan. 14, 2019) ("The Court finds that *under these circumstances* equitable tolling of the statute of limitations is appropriate *until* Respondent has fully complied with the subpoena.") (emphasis added)).

Further, at least one court to consider the issue squarely found that a petitioner's request in an enforcement proceeding that a court toll the statute of limitations was due to be denied without prejudice as there was "no civil action before the Court in which the defendant [] raised the affirmative defense that the action [was] barred by a statute of limitations and the plaintiff [sought] application of the equitable tolling doctrine." *Acosta v. Lovett*, 2017 WL 8786858, at *3 (M.D. Fla. Nov. 3, 2017), *report and recommendation adopted by*, 2017 WL 8786859 (M.D. Fla. Nov. 20, 2017).  Notably, that court stated that, "Under these circumstances, the Court simply need not decide whether the instant subpoena enforcement proceeding would equitably toll a later-filed civil action brought by the Secretary (or other Plaintiff) against Lovett.  That issue can be raised, if applicable, and addressed by the Court on the merits of any such future action."). *Id*.

Without authority from Petitioner to demonstrate otherwise, there is no basis in this enforcement proceeding for the Court to consider the propriety of tolling given the fact that

Respondent has complied with the subpoena. And, since Respondent has "fully complied" (Doc. 27 at 1), the case is due to be closed.

Based on the foregoing, it is **ORDERED** that:

1. Petitioner's Motion (Doc. 27) is **DENIED**;

2. the Petition (Doc. 1) is **DENIED as moot**;

3. the case is **DISMISSED**; and

4. the Clerk is directed to close the case.

**ORDERED** in Orlando, Florida on March 13, 2025.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE